EXHIBIT P-1.B

**Ebad Khan**

---

| | |
|---|---|
| **From:** | Don Colleluori <don.colleluori@figdav.com> |
| **Sent:** | Wednesday, October 13, 2021 2:51 PM |
| **To:** | Ebad Khan; Andy Jubinsky |
| **Cc:** | Amber D. Reece; Geraldine Oakley |
| **Subject:** | RE: Diagnostic Affiliates of Northeast Hou, LLC v. United Health Group, Inc. et al; Request for Recusal from Concurrent Representation of United Defendants and Employer Plans |

Ebad,

Your allegations regarding the existence of a conflict of interest are unfounded. Moreover, a mere insinuation that there is or may be a conflict of interest is insufficient to give you standing to bring a motion to disqualify. *See, e.g.*, *In re Robinson,* 90 S.W.3d 921, 925 (Tex. App.—San Antonio 2002, orig. proceeding) ("Opposing counsel has standing to seek disqualification, if a conflict which violates the rules *exists and is sufficiently severe* to 'call into question the fair or efficient administration of justice.'") (emphasis added). It is your "burden to establish the violation with specificity" and to "demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification." *In Interest of Trimmer-Davis*, No. 01-15-00495-CV, 2015 WL 6081459, at *3 (Tex. App.—Houston [1st Dist.] Oct. 13, 2015, no pet.) (internal quotation marks omitted). Here, you have not and cannot do either because there is no violation of any applicable rule and no party, and certainly not your client, has been prejudiced.

Moreover, we will not, nor are we required to, disclose to you the content of any communications we have had with our clients on this or any other topic. Your letter is nothing more than a transparent attempt to drive a wedge between United and the Employer Plans who have agreed to joint representation. Indeed, Texas courts and the Fifth Circuit recognize that motions to disqualify by an opposing party are often filed for purely tactical or dilatory purposes and "should be viewed with great caution . . . for it can be misused as a technique of harassment." Tex. Rule Disciplinary P. 1.06, cmt. 17. As the Fifth Circuit has aptly stated, "[a] tortured justification for disqualification . . . premised on a purported possible conflict of interest sometime in the future, suggests not so much a conscientious professional concern for the profession and the client of the opposing counsel as a tactic designed to delay and harass." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1315 (5th Cir. 1995).

I trust that, upon reflection, you will conclude that filing a motion to disqualify would be baseless. If you nonetheless elect to file such a motion, we will of course vigorously contest it and will seek all available remedies, including reimbursement of our attorneys' fees and costs as well as sanctions if appropriate.



| | | |
|---|---|---|
| **Don Colleluori** | dd: 214-939-2007 | Figari + Davenport, LLP |
| don.colleluori@figdav.com | cell: 214-535-2074 | 901 Main Street, Suite 3400 |
| figdav.com | fx: 214-939-2090 | Dallas, TX 75202 |

---

**From:** Ebad Khan <ekhan@24hourcovid.com>
**Sent:** Wednesday, October 6, 2021 5:59 PM

**To:** Andy Jubinsky <andy.jubinsky@figdav.com>
**Cc:** Rachel Dietz <rachel.dietz@figdav.com>; Amber D. Reece <Amber.Reece@figdav.com>; Don Colleluori <don.colleluori@figdav.com>; Geraldine Oakley <goakley@24hourcovid.com>
**Subject:** Diagnostic Affiliates of Northeast Hou, LLC v. United Health Group, Inc. et al; Request for Recusal from Concurrent Representation of United Defendants and Employer Plans

Andy:

I hope you are doing well. Attached please find our letter requesting your firm's recusal from the joint representation of the United Defendants and the Employer Plans. I understand that this request is likely unexpected, but this joint representation has raised some concerns for us so we feel that it is best for this to be addressed at this time.

Given the issues raised in this letter and the impact it may have on your dispositive motions and our responses, we also ask that you agree to a continuance of 14 calendar days from October 15 to October 29 for our responses to the two Motions to Dismiss. This additional time will allow your organization to internally review this matter and to reach a determination that, as aforementioned, may have an impact on your dispositive motions and/or responses/replies.

Please let me know if you wish discuss matter in further detail.

Regards,

Ebad Khan
Chief Legal Officer
Direct: 281.319.8306
Mobile: 832.202.6028
EmaIl: ekhan@24hourcovid.com

