IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DIAGNOSTIC AFFILIATES OF NORTHEAST HOU, LLC D/B/A 24 HOUR COVIDRT-PCR LABORATORY | )<br>)<br>)<br>)<br>) |
| *Plaintiff,* | ) Civil Action No. 2:21-cv-00131 |
| v. | )<br>) |
| UNITED HEALTH GROUP, INC., *et al.,* | )<br>) |
| *Defendants.* | )<br>)<br>) |
| _____ | )<br>) |

### DEFENDANT SWISSPORT NORTH AMERICAN HOLDING, INC. HEALTH & WELFARE PLAN'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

DEFENDANT SWISSPORT NORTH AMERICAN HOLDING, INC. HEALTH & WELFARE PLAN (the "Swissport Plan"), pursuant to Federal Rule of Civil Procedure 12(b)(6), file this Motion to Dismiss Counts I, II, and III of the Amended Complaint and Brief in Support, and for same would show unto the Court as follows:

### I.
### BACKGROUND

PLAINTIFF DIAGNOSTIC AFFILIATES OF NORTHEAST HOU, LLC D/B/A 24 HOUR COVIDRT-PCR LABORATORY ("Diagnostics") has filed suit against the Swissport Plan (and others) alleging claims under the Families First Coronavirus Response Act ("FFCRA"), the Coronavirus Aid, Relief, Economic Security Act (the "CARES Act"), and Employee Retirement

Income Security Act of 1974, 29 U.S.C. § 1101 *et seq.* ("ERISA"). The three claims in the Amended Complaint asserted against the Swissport Plan are: Count I – Violation of the FFCRA and the CARES ACT; Count II – Violation of Section 502(a)(1)(B) of ERISA; and Count III – Denial of Full and Fair Review under ERISA. *See* (Dkt No. 2, ¶¶188-224)

## II.
## SUMMARY

Diagnostics has failed to state any claims for relief against the Swissport Plan for two basic reasons. Count I fails to state a claim because neither the FFCRA nor the CARES act provide for a private right of action, which prevents Diagnostics from stating a cognizable claim. Counts II and III likewise fail because Diagnostics has not sufficiently plead that it has standing to sue under ERISA. All three claims must therefore be dismissed.

## III.
## RULE 12(b)(6) STANDARD

The court should dismiss a claim where the party fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Conclusory statements need not be taken as true, and the facts that are plead must be sufficient to permit the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555-566; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The core objective when reviewing the sufficiency of a complaint is to determine whether the plaintiff has stated a legally cognizable claim that is plausible." *Jones v. United States Postal Serv.*, 690 F. App'x 147, 149 (5th Cir. 2017). In addition, although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 547.

## IV.
## ARGUMENTS AND AUTHORITIES

### A. There is No Private Right of Action under the FFCRA or the CARES Act

Count I of the Amended Complaint does not state a "legally cognizable claim that is plausible" because it alleges that the Swissport Plan and all other named defendants violated the FFCRA and the CARES Act by failing to pay Plaintiff the posted price for COVID-19 diagnostic testing. (Dkt. No. 2, ¶¶188-196). This Court knows that to state a plausible claim under a federal statute, "there must first be a private right of action." *See Haley v. Citibank N.A.,* No. CIV.A. 11-03522, 2012 WL 2403501, at *2 (S.D. Tex. June 25, 2012) ("To state a plausible claim under the FCRA, there must first be a private right of action").

In this case, Plaintiff did not, and cannot, identify a private of action in the FFCRA or the CARES Act, which is why the Amended Complaint is barren of any such allegation. In fact, enforcement of the FFCRA and CARES Act is entrusted *exclusively* to the Secretary of Health and Human Services, the Secretary of Labor, and the Secretary of the Treasury. Pub. L. No. 116-136, 134 Stat. 281; Pub. L. No. 116-127, 134 Stat. 178. Nothing in either law expressly creates a private cause of action to enforce the sections of the FFCRA or the CARES Act that Plaintiff invokes, and in the Fifth Circuit, courts "begin with the standard presumption that Congress did not intend to create a private right of action." *See Lundeen v. Mineta*, 291 F.3d 300, 311 (5th Cir. 2002) ("The plaintiff generally bears the relatively heavy burden of demonstrating that Congress affirmatively contemplated private enforcement when it passed the relevant statute"). It is long-settled that "absent 'affirmative' evidence of intent to allow private civil suits, there can be no private right of action—'no matter how desirable that might be as a policy matter, or how compatible with the

statute.'" *Stokes v. Sw. Airlines*, 887 F.3d 199, 202 (5th Cir. 2018) (citing *Alexander v. Sandoval*, 532 U.S. 275, 287 (2001)).

"Private rights of action to enforce federal law must be created by Congress." *Alexander*, 532 U.S. at 286. Neither statute expressly creates a private cause of action to enforce Section 6001 of the FFCRA or Section 3201 of the CARES Act. The fact that Congress empowered administrative enforcement of Section 6001 of the FFCRA and Section 3201 of the CARES Act "'tends to contradict a congressional intent to create privately enforceable rights . . . The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Juan Antonio Sanchez, PC v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 434 (S.D. Tex. 2020) (quoting *Alexander*, 532 U.S. at 290); *Acara v. Banks*, 470 F.3d 569 (5th Cir. 2006) (specific delegation of enforcement power to administrative agency creates a "strong indication that Congress intended to preclude private enforcement"). *See also Juan Antonio Sanchez, PC v. Bank of S. Texas*, 494 F. Supp. 3d 421, 438–39 (S.D. Tex. 2020) ("[I]in the absence of any private right of action under the CARES Act, the Court agrees with Defendants that Plaintiff fails to state a claim upon which relief can be granted for an alleged violation of the CARES Act. . . ."[1] In sum, no private right of action, no standing. Without a Congressionally created private claim for relief, which the FFCRA and CARES indisputably lack, Count I of the Amended Complaint should be dismissed.

---

[1] Other courts agree with the Southern District that is there not an implied private right of action to enforce Section 6001 of the FFCRA or Section 3201 of the CARES Act. *See, e.g.*, *Am. Video Duplicating, Inc. v. City Nat'l Bank*, No. 2:20-CV-04036, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020) (listing cases) ("Unsurprisingly, every court to address whether the CARES Act created an implied private right of action has held that it does not."); *see also Daniel T.A. Cotts PLLC v. Am. Bank, N.A.*, No. 2:20-CV-185, 2021 WL 2196636, at *5 (S.D. Tex. Feb. 9, 2021).

B. **<u>Plaintiff Lacks Standing Under ERISA</u>**

Section 502(a)(1)(B) permits a "participant" or "beneficiary" of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Healthcare providers may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim. *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 893 (5th Cir. 2003). Typically, this is achieved through a valid assignment of benefits. *See, e.g., Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 599 (N.D. Tex. 2014) ("Accordingly, to state a basis to recover under ERISA or for breach of an insurance policy, a medical provider must plead that the patients covered under the plan or policy assigned their rights to the provider.")

Here, however, Plaintiff's Amended Complaint only refers obliquely to "many members" who have "executed assignment of benefits documents" without enumerating whether those participants or beneficiaries were, in fact, members of the Swissport Plan. See (Dkt. No. 2, ¶201). Indeed, Diagnostics appears to rely more on its claimed basis under the FFCRA and CARES Act that the need for any such assignment is "obviated." (Dkt. No. 2, ¶202). But because neither the FFCRA nor CARES Act did away with ERISA's prerequisites for standing, or abrogated the Fifth Circuit's continuing requirements of a valid assignment, Diagnostics Count II fails.

Additionally, neither the FFCRA nor the CARES Act incorporate Section 502(a)(1)(B) of ERISA. Had Congress intended the FFCRA and the CARES Act to amend or incorporate Section 502(a)(1)(B), it would have said so, as it did with the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. Without demonstrating (or at least pleading) that Plaintiff obtained valid, enforceable assignments from every member of

the Swissport Plan on whose behalf it seeks payment of benefits, Diagnostics has no standing under ERISA to to bring a claim for benefits. *See Iqbal, 556 U.S.* at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

Consequently, Count III of the Amended Complaint also fails because it relies upon the same faulty predicate allegation that Diagnostics is entitled to relief because "[a]s assignees and authorized representatives of its patient's claims, Plaintiff is entitled to receive protection under ERISA, including (a) a "full and fair review" of all claims denied by United…." (Dkt. No. 2, ¶214). However, based on the above authorities, the Court "is not bound to accept as true a legal conclusion couched as a factual allegation." *See* Twombly, 550 U.S. at 555. Accordingly, Count III fails for the same reason as Count II, and may also be dismissed.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court grant this Motion to Dismiss and dismiss Plaintiff's action with prejudice, that Plaintiff take nothing by its suit against this Defendant; and that the Defendant be granted such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Dated:  January 11, 2022                                  Respectfully submitted,

                                                          */s/ Lara C. de Leon*
                                                          Lara C. de Leon
                                                          ***Attorney in Charge***
                                                          Texas Bar No. 24006957
                                                          S.D. Bar No. 358139
                                                          ldeleon@constangy.com
                                                          Constangy, Brooks, Smith & Prophete, LLP
                                                          1100 NW Loop 410, Suite 700
                                                          San Antonio, TX  78213
                                                          Phone: 210-920-2310

                                                          **COUNSEL FOR DEFENDANT SWISSPORT NORTH AMERICAN HOLDING, INC. HEALTH & WELFARE PLAN**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2022, this document was served, via email, through the Court's electronic filing system on all attorneys deemed to accept electronic service.

                                                          */s/ Lara C. de Leon*
                                                          Lara C. de Leon