United States District Court
Southern District of Texas
**ENTERED**
January 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIAGNOSTIC AFFILIATES OF | § | |
| NORTHEAST HOU, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00131 |
| | § | |
| UNITED HEALTH GROUP, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTION TO DISMISS
FILED BY UNITEDHEALTH GROUP, INC. (D.E. 68)**

Plaintiff Diagnostic Affiliates of Northeast Hou, LLC d/b/a 24 Hour Covid RT-PCR

Laboratory (Diagnostic Affiliates) filed this action to recover payments for COVID-19

testing and related services against three categories of Defendants:   (1) UnitedHealth

Group, Inc. (UHG), the parent company of subsidiaries that administer health insurance

plans; (2) health insurance plan administrators, collectively referred to as United;[1] and (3)

employer healthcare plans.[2]   Before the Court is UHG's Motion to Dismiss (D.E. 68), in

---

[1]   "United refers to: United Healthcare Services, Inc., United Healthcare Benefits of Texas, Inc., United Healthcare of Texas, Inc., UMR, Inc., and OptumHealth Care Solutions, LLC (sued as OptumHealth Care Solutions, Inc.).

[2]   "Employer healthcare plans" refers to:   American International Group, Inc. Medical Plan; Anadarko Petroleum Corp. Health Benefit Plan; Apple Inc. Health And Welfare Benefit Plan; Group Health And Welfare Plans (Aramark Uniform Services); AT&T Umbrella Benefit Plan No. 1; AT&T Umbrella Benefit Plan No. 3; Baker Hughes, A GE Company Welfare Benefits Plan; Baylor College Of Medicine Health And Welfare Benefits Plan; Brookdale Senior Living, Inc. Welfare Plan; C.H Robinson Company Group Health Major Medical Plan; Calpine Corporation Employee Benefit Plan; Caterpillar Inc. Group Insurance Master Trust; Celanese Health And Welfare Benefits Program; Centerpoint Energy Group Welfare Benefits Plan For Retirees; Citgo Petroleum Corporation Defined Contribution Master Trust; Delta Account Based Healthcare Plan; Envision Healthcare Corporation Welfare Benefits Plan; H&E Equipment Services Inc. Benefit Plan; Flour Employee Benefit Trust Plan; Fresenius Medical Care Travelling Nurses Health And Welfare Benefits Plan; Geico Corp. Consolidated Welfare Benefits Program; Geospace Technologies Welfare Benefit Plan; Hudson Group (HG) Inc. Employee Benefits Plan; IQOR Health And Welfare Plan; Jones Lang

which it challenges this Court's personal jurisdiction (pursuant to Federal Rule of Civil Procedure 12(b)(2)), and alleges that Diagnostic Affiliates has failed to state a claim against it because it is not liable for any conduct of its subsidiaries (pursuant to Rule 12(b)(6)). Diagnostic Affiliates has responded (D.E. 99)[3] and UHG has replied (D.E. 122).

For the reasons set out below, the Court **GRANTS** the motion (D.E. 68) and **DISMISSES WITHOUT PREJUDICE** Diagnostic Affiliates' claims against UHG because its allegations fail to demonstrate that UHG has the necessary minimum contacts with Texas. Because the Court finds that it is without jurisdiction under Rule 12(b)(2), it need not, and does not, address the separate issue as to whether Diagnostic Affiliates pleaded a cause of action on which relief may be granted under Rule 12(b)(6).

---

Lasalle Group Benefits Plan; Kellogg Brown & Root, Inc, Welfare Benefits Plan; Kinder Morgan, Inc. Master Employee Welfare Plan; Lexicon Pharmaceuticals Inc. Comprehensive Welfare Benefits Plan; Lineage Logistics LLC Benefits Plan; Lockton, Inc. Welfare Benefits Plan; M/I Homes, Inc. Health, Life And Dental Welfare Plan; Maersk Inc. Active Nonunion Health And Welfare Plan; The Mallinckrodt Pharmaceuticals Welfare Benefit Plan; Motiva Enterprises LLC Health and Wellness Benefit Plan; Novo Nordisk Inc. Welfare Benefit Plan Petsmart Smartchoices Benefit Plan; Procter And Gamble Retiree Welfare Benefits Plan; Railroad Employees National Health Flexible Spending Account Plan; Raising Canes USA Health And Welfare Benefits Wrap Plan; Republic Services Inc. Employee Benefit Plan; Republic National Distributing Company, LLC Welfare Benefits Plan; Saia Motor Freight Line LLC Employee Preferred Provider Plan; Siemens Corporation Group Insurance And Flexible Benefits Program; Skadden, Arps, Slate, Meagher & Flom Partners' Welfare Benefits Plan; Skywest Inc. Cafeteria Plan; Southwest Airlines Co. Welfare Benefit Plan; Spirit Airlines Inc. Health And Welfare Benefits Plan; Swissport North America Holdings, Inc. Health & Welfare Plan; Targa Resources LLC Welfare Benefits Plan; Texas Capital Bancshares Inc. Employee Benefit Plan; Textron Non-Bargained Welfare Benefits Plan; Adecco, Inc Welfare Benefits Plan; T-Mobile USA, Inc. Employee Benefit Plan; Transocean Group Welfare Benefit Plan; UHS Welfare Benefits Plan; UnitedHealth Group Ventures, LLC Health And Welfare Benefit Plan; Valero Energy Corporation Retiree Benefits Plan; Valmont Industries Inc. Welfare Benefit Plan; Walgreens Health And Welfare Plan; WCA Management Company, LP Welfare Benefit Plan; Webber, LLC Welfare Benefit Plan; Winstead PC Flexible Benefit Plan; Group Benefits Plan For Employees Of Worleyparsons Corporation.

[3]  Diagnostics Affiliates filed a single document, responding to both UHG's motion (D.E. 68) and a motion to dismiss filed by United and the employer healthcare plans (D.E. 67). This Order only adjudicates UHG's motion. Therefore, the Court focuses on pages 35-38 of the response (D.E. 99).

## STANDARD OF REVIEW

**Burden of Proof**.  Diagnostics Affiliates, as the party invoking this Court's jurisdiction, bears the burden of establishing that personal jurisdiction is proper.  *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).  When the defendant challenges personal jurisdiction pursuant to a Rule 12(b)(2) motion, the matter may be determined without an evidentiary hearing.  *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 & n.4 (5th Cir. 1993) ("The district court usually resolves the jurisdictional issue without conducting a hearing.").  In that event, the plaintiff need only make a prima facie case.  *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

If the case proceeds to an evidentiary hearing[4] or trial, the plaintiff's burden will escalate to a preponderance of the evidence in order to support a judgment.  *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000).  In any event, a dismissal for lack of personal jurisdiction is not a dismissal on the merits and must therefore be without prejudice.  *See generally, Libersat v. Sundance Energy, Inc*., 978 F.3d 315, 317 (5th Cir. 2020).

**Scope of Review**.  At the Rule 12(b)(2) stage without an evidentiary hearing, the court accepts the plaintiff's uncontroverted allegations as true and resolves all conflicts in the evidence in the plaintiff's favor.  *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948

---

[4]  To conduct an evidentiary hearing, "both parties must be allowed to submit affidavits and to employ all forms of discovery, subject to the district court's discretion and as long as the discovery pertains to the personal-jurisdiction issue."  *Walk Haydel*, 517 F.3d at 242.  The distinguishing factor between a mere hearing and an "evidentiary hearing" is the presentation of evidence "beyond the written materials."  *See Kwik-Kopy Corp. v. Byers*, 37 Fed. App'x 90, *4 (5th Cir. 2002) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc*., 557 F.2d 1280 (9th Cir. 1977)).  But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts.  *Walk Haydel*, 517 F.3d at 241.

F.3d 289, 295 (5th Cir. 2020).  In this inquiry, the court applies the pleading standards of

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007).  Factual allegations are required, sufficient to raise the entitlement to relief above

the level of mere speculation.  *Twombly*, 550 U.S. at 555.  The court does not accept as

true conclusory allegations, unwarranted factual inferences, or legal conclusions.

*Giancarlo v. UBS Fin. Servs., Inc*., 725 Fed. App'x 278, 282 (5th Cir. 2018) (citing

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc*., 365 F.3d 353, 361 (5th Cir. 2004)).

**Plaintiff's Burden:  Minimum Contacts**.  A plaintiff's prima facie burden is to

show "that the nonresident defendant has purposefully established 'minimum contacts'

with the forum state 'such that the maintenance of the suit does not offend "traditional

notions of fair play and substantial justice."'"  *WNS, Inc*., 884 F.2d at 202 (quoting *Int'l

Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting, in turn, *Milliken v. Meyer*,

311 U.S. 457, 463 (1940))).

> Jurisdiction may be general or specific. The former requires
> "continuous and systematic" forum contacts and allows for
> jurisdiction over all claims against the defendant, no matter
> their connection to the forum.  In contrast, the latter obtains
> only where a defendant "purposefully direct[s]" his activities
> toward the state and the plaintiff's claim "aris[es] out of or [is]
> related to" the defendant's forum contacts.

*In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig*., 888 F.3d 753,

777–78 (5th Cir. 2018) (citations omitted).

**Defendant's Burden:  Unfair and Unreasonable**.  If minimum contacts are

shown, the burden of proof shifts to the defendant to show that the assertion of jurisdiction

is unfair. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir.1999) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed. Cir. 1995)). Several factors relate to traditional notions of fair play and substantial justice: "(1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Felch v. Transportes Lar–Mex SA De CV*, 92 F.3d 320, 324 n.9 (5th Cir. 1996) (quotation marks omitted).

To show that the exercise of in personam jurisdiction is unfair and unreasonable, the defendant must make a "compelling case." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). It is very unusual to conclude that the exercise of jurisdiction is unfair after there has been a showing of sufficient minimum contacts. *Akro*, 45 F.3d at 1549 (describing it as "rare" that the plaintiff's and forum state's interests in adjudicating a case would be so attenuated as to be clearly outweighed by any burden on the defendant).

## DISCUSSION

UHG argues that it is not subject to personal jurisdiction because Diagnostic Affiliates has not shown that it has the necessary minimum contacts with Texas. In that regard, it states that all of the conduct complained of is related to the work of the United subsidiaries and not of UHG. Any pleadings related to UHG are conclusory and improperly vague. The Court agrees.

Diagnostic Affiliates has named UHG as an issuer of health insurance and administrator of group health plans "nationally ***through*** its various wholly-owned and controlled subsidiaries . . . ."  D.E. 2, p. 10 (emphasis added).  It complains of UHG and its United subsidiaries throughout its amended complaint in terms that are joint and without distinction.  *See* D.E. 2.  While Diagnostic Affiliates has attached hundreds of pages of claims administration documents to its original complaint in the form of Exhibits A-S,[5] it has not directed this Court's attention to a single reference in those materials to UHG.  *See* D.E. 1-1 to 1-19.  And the Court's review did not find any.  Diagnostic Affiliates also pleads examples of public-facing representations from uhc.com and uhcprovider.com.  But those websites are attributed on their face to United HealthCare Services, Inc., not UHG.

Diagnostic Affiliates has failed to plead any facts to show that UHG, separate from its United subsidiaries, has purposefully established minimum contacts in Texas to support personal jurisdiction.  Generally, a subsidiary's contacts with a forum cannot serve as the basis for holding a parent corporation amenable to personal jurisdiction in that forum. *Hargrave v. Fibreboard Corp*., 710 F.2d 1154, 1159 (5th Cir. 1983) (citing 2 J. Moore & J. Lucas, Moore's Federal Practice ¶ 4.25[6], at 4–272 (2d ed.1982)).  "[T]he mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent." *Dalton v. R & W Marine, Inc*., 897 F.2d 1359, 1363 (5th Cir. 1990).

Although this is the general rule, there may be times when a parent corporation so dominates its subsidiary that the two cannot be considered separate and distinct entities.

---

[5]   Neither the motion (D.E. 68) nor the response (D.E. 99) is accompanied by evidence.

*Dalton*, 897 F.2d at 1363.  Diagnostic Affiliates invokes this exception by suggesting that the various acts of the subsidiaries are the result of UHG's control.  But this is stated in only the most conclusory of terms.

Where the parent corporation is merely the alter ego of its subsidiary, a court can impute to the parent its subsidiary's contacts with the forum state for the purposes of establishing personal jurisdiction.  *Dalton*, 897 F.2d at 1363.  Any assessment of this issue of control should be based on the totality of the circumstances.  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000) (citing *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt*, 85 F .3d 201, 209 (5th Cir. 1996)).  The Fifth Circuit, applying Texas law, developed a list of factors to use in determining whether a subsidiary is the alter ego of a parent.  *Gundle*, 85 F.3d at 208, 209 n.4.  These factors include: (1) common stock ownership; (2) common directors or officers; (3) common business departments; (4) filing of consolidated financial statements and tax returns; (5) the parent financing the subsidiary; (6) the parent causing the incorporation of the subsidiary; (7) the subsidiary operating with grossly inadequate capital; (8) the parent paying the salaries and other expenses of the subsidiary; (9) the subsidiary receiving no business except that given by the parent; (10) the parent using the subsidiary's property as its own; (11) the daily operations are not kept separate; and (12) failure to observe corporate formalities with respect to books, records, and meetings.  *Id*.

The alter ego test for attribution of contacts for purposes of personal jurisdiction is less stringent than that for liability.  *Stuart v. Spademan*, 772 F.2d 1185, 1198 n. 12 (5th

7 / 8

Cir. 1985).  In a jurisdictional motion, only a prima facie showing is required.  *Hargrave*, 710 F.2d at 1161.  Despite this low bar, Diagnostic Affiliates has not provided factual allegations to support any of these alter ego factors.  Its arguments are entirely conclusory.  That is not sufficient to satisfy its burden to demonstrate a prima facie case against UHG based on its own purposeful contacts with the state of Texas or its alter ego status.  For that reason, the burden does not shift to UHG to demonstrate that personal jurisdiction would be unfair or unreasonable.

The motion to dismiss is **GRANTED**.

## CONCLUSION

For the reasons set out above, the Court **GRANTS** Defendant UHG's motion to dismiss (D.E. 68) and **ORDERS** that all claims asserted by Diagnostic Affiliates against UHG are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

ORDERED on January 18, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE