IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DIAGNOSTIC AFFILIATES OF § 
NORTHEAST HOU, LLC d/b/a 24 HOUR § 
COVIDRT-PCR LABORATORY, § 
 § 
    *Plaintiff*, § 
 §   C.A. No. 2:21-cv-00131
v. § 
 § 
UNITED HEALTH GROUP, INC., et al., § 
 § 
    *Defendants.* § 

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

Defendants United HealthCare Services, Inc., UnitedHealthcare Benefits of Texas, Inc., UnitedHealthcare of Texas, Inc., UMR, Inc., and OptumHealth Care Solutions, LLC (collectively, "United") and the Defendant employer-sponsored health benefit plans identified on Exhibit A attached hereto and incorporated herein (collectively, the "Employer Plans" and together with United, "Defendants") file this original answer to Plaintiff's Original Complaint and Jury Demand (the "Complaint") [Doc. 2][1] filed by Plaintiff Diagnostic Affiliates of Northeast Hou, LLC d/b/a 24 Hour CovidRT-PCR Laboratory ("Plaintiff") and states:

## INTRODUCTION

This lawsuit involves Plaintiff's predatory practices during the height of a worldwide pandemic by charging exorbitant prices for COVID-19 testing and its brazen refusal to respond to repeated requests by United to validate its licensing and capabilities to perform such testing.

---

[1] The Complaint is styled as Plaintiff's Original Complaint and Jury Demand but docketed by the Court as an Amended Complaint. The docket reflects the Complaint as having been originally filed in error because it contained personal information of a patient. [Doc. 1.] When Plaintiff re-filed the Complaint with redactions, it did not include the 19 exhibits that were originally attached, although the text of the Complaint continues to refer to them. This Answer will nevertheless refer to those exhibits where necessary as if they were attached to the re-filed Complaint.

Plaintiff is an out-of-network lab and has no provider contract with United. Plaintiff submitted hundreds of claims for benefits to United seeking as much as $900-$1,125 for a COVID-19 test, a fact that Plaintiff is ashamed to admit, as it conveniently omits references to such prices in its 89-page Complaint. [Doc. 2.] Certain United entities issued and/or administered the underlying policies and plans at issue, and for those claims where they acted as third-party administrator of the Employer Plans, were gatekeepers of funds for the Employer Plans.

United sought to verify Plaintiff's credentials because United's records reflected, among other issues, that Plaintiff's Clinical Laboratory Improvements Amendment ("CLIA")[2] certificate expired at the end of 2020. United requested, and Plaintiff repeatedly refused to provide (1) a current CLIA certificate, (2) proof that its physical location had a secured entry, (3) serial numbers and models for its refrigerators and freezers, (4) copies of its standard operating manual for all test procedures, test directory, reference laboratories' name and CLIAs, reference laboratories' client services manuals, records of tests referred to other laboratories, reference laboratory agreements, personnel competency assessments, state certifications, recent quality control records, proficiency testing records, and the most recent onsite inspection, and (5) an on-site inspection (the "Validation Requests"). Further, Plaintiff's owner also owned other labs that had been engaging in suspicious and potentially fraudulent billing practices, including billing United for same members, on the same dates of service, and for the same procedure codes, whereby one lab was submitting claims previously denied for the other, thus heightening the need for the Validation Requests. United's efforts to validate Plaintiff's credentials were met with obstinance and disregard.

---

[2] The Centers for Medicare & Medicaid Services regulates laboratory testing through CLIA. The objective of the CLIA program is to ensure quality laboratory testing. *See* 41 U.S.C. § 263a.

When Plaintiff's predatory practice of demanding exorbitant prices for COVID-19 testing—over 5 times the national average price for out-of-network labs[3] and at least 9 times the Medicare reimbursement rate—did not yield the financial windfall hoped for, Plaintiff instituted this lawsuit anointing itself the pandemic savior working tirelessly for the people without recompense. When the wool is pulled back, Plaintiff will be seen for what it is: a wolf in sheep's clothing that preyed upon patients' employers and insurers by exploiting the pandemic and the laws put in place to protect people for profit.

## ANSWER

1.      With respect to the allegations in paragraph 1, Defendants admit Plaintiff is an out-of-network laboratory; and deny the remaining allegations contained therein.

2.      With respect to the allegations in paragraph 2, Defendants admit Congress passed the Families First Coronavirus Response Act ("FFCRA") and Coronavirus Aid, Relief, Economic Security Act ("CARES Act") to address, among other issues, the provision of diagnostic testing for COVID-19 and the costs associated therewith; deny the FFCRA and CARES Act were enacted to give creative license to providers, like Plaintiff, to grossly inflate COVID-19 testing prices during a national pandemic and hold Defendants hostage to pay such egregious prices; and deny the remaining allegations contained therein.

3.      Defendants deny the allegations in paragraph 3; and state Plaintiff's grossly inflated prices for administering COVID-19 testing and refusal to comply with Validation Requests, led to any alleged financial losses of Plaintiff.

---

[3] *How Much Should It Cost to Get Tested for COVID-19?*, CONSUMER REPORTS (Jan. 6, 2022), https://www.consumerreports.org/covid-19/how-much-should-it-cost-to-get-tested-for-covid-19-a1011758904/ ("On average, COVID-19 tests cost $130 within an insurance company's network, and $185 out of network, according to a July 2021 study by America's Health Insurance Plans, an industry trade group.").

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7 or that Plaintiff is entitled to any relief herein.

8.      With respect to the allegations in paragraph 8, Defendants deny Plaintiff responded to Validation Requests or provided proof of same; and state they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and same are therefore denied.

9.      Defendants admit the allegations in paragraph 9; and the remaining Defendants admit based on information and belief.

10.     Defendants admit the allegations in paragraph 10, except that not all United entities operate in such role.

11.     With respect to the allegations in paragraph 11, Defendants admit that health plans insured or administered by United may provide for different levels of coverage or benefits with respect to out-of-network providers and facilities; and state the remaining allegations are legal conclusions for which no answer is required, and to the extent an answer is required, such allegations are denied.

12.     With respect to the allegations contained in paragraph 12, Defendants state they seek legal conclusions for which no answer is required, and, to the extent an answer is required, the allegations are denied.

13.     Defendants deny the allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants deny the allegations in paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 17, and same are therefore denied.

18.     With respect to the allegations in paragraph 18, Defendants state that the Court has previously dismissed UnitedHealth Group, Incorporated, and no further answer is required.

19.     With respect to the allegations in paragraph 19, United denies that United HealthCare Services, Inc. issues health insurance plans, but admits the remaining allegations; and the Employer Plans agree based on information and belief.

20.     United admits the allegations in paragraph 20; and the Employer Plans admit based on information and belief.

21.     United admits the allegations in paragraph 21; and the Employer Plans admit based on information and belief.

22.     United admits the allegations in paragraph 22, except that UMR, Inc. is a Delaware corporation; and the Employer Plans agree based on information and belief.

23.     The Complaint does not contain a paragraph 23, therefore no answer is required.

24.     With respect to the allegations in paragraph 24, United denies that OptumHealth Care Solutions, LLC (improperly named OptumHealth Care Solutions, Inc.) administers self-funded plans or is incorporated in Minnesota but admits the remaining allegations; and the Employer Plans agree based on information and belief.

25.     Defendant admits the allegations in paragraph 25, except that the Plan Administrator's address is AIG Employee Benefits, 30 Hudson Street, 17th Floor, Jersey City, NJ 07302-4805; and the remaining Defendants admit based on information and belief.[4]

26.     Defendant admits the allegations in paragraph 26, except the correct name of the plan is Anadarko Petroleum Corporation Health Benefits Plan; and the remaining Defendants admit based on information and belief.

27.     Defendant admits that it is a self-funded health plan subject to ERISA, and denies the remaining allegations in paragraph 27; and the remaining Defendants agree based on information and belief.

28.     Defendant admits the allegations in paragraph 28, except the correct plan name is Group and Health Welfare Plans; and the remaining Defendants admit based on information and belief.

29.     Defendant admits the allegations in paragraph 29; and the remaining Defendants admit based on information and belief.

30.     Defendant admits the allegations in paragraph 30; and the remaining Defendants admit based on information and belief.

31.     Defendant admits the allegations in paragraph 31, except the correct plan name is Baker Hughes Welfare Benefit Plan; and the remaining Defendants admit based on information and belief.

32.     Defendant admits the allegations in paragraph 32; and the remaining Defendants admit based on information and belief.

---

[4] Paragraphs 25-40, 42-45, 47-71, and 73-87 seek information specific to each Employer Plan. The use of the term Defendant in each such paragraph refers to the Employer Plan specially named therein, and the term remaining Defendants shall refer to United and all other Employer Plans.

33.     Defendant admits the allegations in paragraph 33, except the correct plan name is Brookdale Senior Living Inc. Welfare Plan; and the remaining Defendants admit based on information and belief.

34.     Defendant admits the allegations in paragraph 34; and the remaining Defendants admit based on information and belief.

35.     Defendant admits the allegations in paragraph 35; and the remaining Defendants admit based on information and belief.

36.     Defendant admits to the allegations in paragraph 36, except the correct plan name is Caterpillar Inc. Employee Health, Life and Disability Benefit Program; and the remaining Defendants admit based on information and belief.

37.     Defendant admits the allegations in paragraph 37; and the remaining Defendants admit based on information and belief.

38.     Defendant admits the allegations in paragraph 38, except that Centerpoint Energy also has a separate plan for active employees; and the remaining Defendants admit based on information and belief.

39.     Defendant admits the allegations in paragraph 39; and the remaining Defendants admit based on information and belief.

40.     Defendant admits the allegations in paragraph 40; and the remaining Defendants admit based on information and belief.

41.     Defendants admit, based on information and belief, the allegations in paragraph 41.

42.     Defendant admits the allegations in paragraph 42; and the remaining Defendants admit based on information and belief.

43.     Defendant admits the allegations in paragraph 43, except the correct name of the plan is Flour Employee Benefit Trust Plan; and the remaining Defendants admit based on information and belief.

44.     Defendant admits the allegations in paragraph 44; and the remaining Defendants admit based on information and belief.

45.     Defendant admits the allegations in paragraph 45, except the correct name of the plan is GEICO Corporation Consolidated Welfare Benefits Program; and the remaining Defendants admit based on information and belief.

46.     Defendants admit, based on information and belief, the allegations in paragraph 46.

47.     Defendant admits the allegations in paragraph 47; and the remaining Defendants admit based on information and belief.

48.     Defendant admits the allegations in paragraph 48; and the remaining Defendants admit based on information and belief.

49.     Defendant admits the allegations in paragraph 49; and the remaining Defendants admit based on information and belief.

50.     Defendant admits the allegations in paragraph 50, except the correct plan name is Kellogg Brown & Root, LLC Welfare Benefits Plan; and the remaining Defendants admit based on information and belief.

51.     Defendant admits the allegations in paragraph 51; and the remaining Defendants admit based on information and belief.

52.     Defendant admits the allegation in paragraph 52 that it the Lexicon Plan is subject to ERISA, and states that the Lexicon Plan is an employee welfare benefit plan that includes a health plan, which is no longer self-funded as of January 1, 2021, and its Plan Administrator is Lexicon Pharmaceuticals, Inc., which can be served c/o Jeffrey Wade at 2445 Technology Forest

Place, Suite 1100, The Woodlands, Texas 77381-1160; and the remaining Defendants admit based on information and belief.

53.     Defendant admits the allegations in paragraph 53, except the correct plan name is Lineage Logistics, LLC Benefits Plan; and the remaining Defendants admit based on information and belief.

54.     Defendant admits the allegations in paragraph 54, except the correct plan name is Lockton, Inc. Welfare Benefit Plan; and the remaining Defendants admit based on information and belief.

55.     Defendant admits the allegations in paragraph 55; and the remaining Defendants admit based on information and belief.

56.     Defendant admits the allegations in paragraph 56; and the remaining Defendants admit based on information and belief.

57.     Defendant admits the allegations in paragraph 57; and the remaining Defendants admit based on information and belief.

58.     Defendant admits the allegations in paragraph 58; and the remaining Defendants admit based on information and belief.

59.     Defendant admits the allegations in paragraph 59; and the remaining Defendants admit based on information and belief.

60.     Defendant admits the allegations in paragraph 60, except that the correct plan name is PetSmart SmartChoices Benefit Plan; and the remaining Defendants admit based on information and belief.

61.     Defendant admits the allegations in paragraph 61; and the remaining Defendants admit based on information and belief.

62.     Defendant admits the allegations in paragraph 62, except the correct plan name is Railroad Employees National Health and Welfare Plan; and the remaining Defendants admit based on information and belief.

63.     Defendant admits the allegations in paragraph 63; and the remaining Defendants admit based on information and belief.

64.     Defendant admits the allegations in paragraph 64; and the remaining Defendants admit based on information and belief.

65.     Defendant admits the allegations in paragraph 65; and the remaining Defendants admit based on information and belief.

66.     Defendant admits the allegations in paragraph 66; and the remaining Defendants admit based on information and belief.

67.     Defendant admits the allegations in paragraph 67, except that the Plan Administrator is Siemens Corporation; and the remaining Defendants admit based on information and belief.

68.     Defendant admits the allegations in paragraph 68, except the correct plan name is Skadden, Arps, Slate, Meagher & Flom CHOICE Benefits Program; and the remaining Defendants admit based on information and belief.

69.     Defendant admits the allegations in paragraph 69, except the correct plan name is Skywest, Inc. Cafeteria Plan; and the remaining Defendants admit based on information and belief.

70.     Defendant admits the allegations in paragraph 70; and the remaining Defendants admit based on information and belief.

71.     Defendant admits the allegations in paragraph 71, except the correct plan name is Spirit Airlines, Inc. Health and Welfare Benefits Plan; and the remaining Defendants admit based on information and belief.

72.     Defendants admit, based on information and belief, the allegations in paragraph 72.

73.     Defendant admits the allegations in paragraph 73; and the remaining Defendants admit based on information and belief.

74.     Defendant admits the allegations in paragraph 74; and the remaining Defendants admit based on information and belief.

75.     Defendant admits the allegations in paragraph 75, except the correct name of the plan is Textron Non-Bargained Medical Plan; and the remaining Defendants admit based on information and belief.

76.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 76.

77.     Defendant admits the allegations in paragraph 77; and the remaining Defendants admit based on information and belief.

78.     Defendant admits the allegations in paragraph 78, except the correct plan name is Transocean U.S. Group Welfare Benefits Plan; and the remaining Defendants admit based on information and belief.

79.     Defendant admits the allegations in paragraph 79, except the correct plan name is UHS Welfare Benefit Plan; and the remaining Defendants admit based on information and belief.

80.     Defendant admits the allegations in paragraph 80, except the correct plan name is UHG, Inc. Group Benefits Plan; and the remaining Defendants admit based on information and belief.

81.     Defendant admits the allegations in paragraph 81, except the correct plan name is Valero Energy Corporation Flex and Renewable Fuels Plan; and the remaining Defendants admit based on information and belief.

82.     Defendant admits the allegations in paragraph 82; and the remaining Defendants admit based on information and belief.

83.     Defendant admits the allegations in paragraph 83; and the remaining Defendants admit based on information and belief.

84.     Defendant admits the allegations in paragraph 84; and the remaining Defendants admit based on information and belief.

85.     Defendant admits the allegations in paragraph 85; and the remaining Defendants admit based on information and belief.

86.     Defendant admits the allegations in paragraph 86; and the remaining Defendants admit based on information and belief.

87.     Defendant admits the allegations in paragraph 87; and the remaining Defendants admit based on information and belief.

88.     With respect to the allegations in paragraph 88, Defendants admit the Court has federal question jurisdiction; state Count III has been dismissed; and deny Plaintiff is entitled to any relief herein.

89.     Defendants admit the allegations in paragraph 89, but deny Plaintiff is entitled to any relief herein.

90.     With respect to the allegations in paragraph 90, Defendants admit the Court has supplemental jurisdiction; state Counts V, VI, and IX have been dismissed; and deny Plaintiff is entitled to any relief herein.

91.     Defendants admit the allegations in paragraph 91.

92.     Defendants admit the allegations in paragraph 92.

93.     The allegations in paragraph 93 are legal conclusions for which no answer is required, and the Proclamation speaks for itself; to the extent an answer is required, such allegations are denied.

94.     The allegations in paragraph 94 are legal conclusions for which no answer is required, and the FFCRA and CARES Act speak for themselves; to the extent an answer is required, such allegations are denied.

95.     The allegations in paragraph 95 are legal conclusions for which no answer is required, and the FAQs speak for themselves; to the extent an answer is required, such allegations are denied.

96.     The allegations in paragraph 96 are legal conclusions for which no answer is required, and any such Notice speaks for itself; to the extent an answer is required, such allegations are denied.

97.     The allegations in paragraph 97 are legal conclusions for which no answer is required, and any such Bulletin speaks for itself; to the extent an answer is required, such allegations are denied.

98.     The allegations in paragraph 98 are legal conclusions for which no answer is required; and state United's website and public materials speak for themselves, and, to the extent an answer is required, such allegations are denied.

99.     The allegations in paragraph 99 are legal conclusions for which no answer is required; and state United's website and public materials speak for themselves, and, to the extent an answer is required, such allegations are denied.

100.     Denies the allegations in paragraph 100.

101.    The allegations in paragraph 101 are legal conclusions for which no answer is required; and state the FFCRA speaks for itself, and, to the extent an answer is required, such allegations are denied.

102.    Defendants deny the allegations in paragraph 102.

103.    With respect to the allegations in paragraph 103, Defendants deny Plaintiff responded to Validation Requests or provided proof of same; and deny the remaining allegations.

104.    With respect to the allegations in paragraph 104, Defendants deny Plaintiff responded to Validation Requests or provided proof of same; and deny the remaining the remaining allegations.

105.    The allegations in paragraph 105 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

106.    Defendants deny the allegations in paragraph 106.

107.    With respect to the allegations in paragraph 107, Defendants deny Plaintiff responded to Validation Requests or provided proof of same to United or its Special Investigations Unit, which sent the letters included in the first attachment to the Complaint [Doc. 1-1] to Plaintiff; state that such documents speak for themselves; and deny the remaining allegations.

108.    With respect to the allegations in paragraph 108, Defendants admit that Plaintiff sent certain information included in the second attachment to the Complaint [Doc. 1-2] to United; admit Plaintiff sent the email that is the third attachment to the Complaint [Doc. 1-3] to United; state that such documents speak for themselves; and deny the remaining allegations.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 112, and same are therefore denied; and deny the remaining allegations.

113.    Defendants deny the allegations in paragraph 113.

114.    With respect to the allegations in paragraph 114, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claims, and same are therefore denied.

115.    The allegations in paragraph 115 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

116.    With respect to the allegations in paragraph 116, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied; and state the referenced demand letter speaks for itself and, of note, even Plaintiff was "surprise[ed]" a payor would pay its full cash price.

117.    The allegations in paragraph 117 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

118.    With respect to the allegations in paragraph 118, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to

provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

119.   With respect to the allegations in paragraph 119, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

120.   With respect to the allegations in paragraph 120, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

121.   Defendants deny the allegations in paragraph 121.

122.   With respect to the allegations in paragraph 122, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

123.   With respect to the allegations in paragraph 123, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

124.   With respect to the allegations in paragraph 124, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

125.   Defendants deny the allegations in paragraph 125.

126.    With respect to the allegations in paragraph 126, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

127.    With respect to the allegations in paragraph 127, Defendants state the various referenced emails and correspondence, albeit incomplete, speak for themselves, and otherwise deny the allegations.

128.    Denies the allegations in paragraph 128.

129.    With respect to the allegations in paragraph 129, Defendants state the exhibit speaks for itself, and otherwise deny the allegations.

130.    Defendants deny the allegations in paragraph 130.

131.    Defendants deny the allegations in paragraph 131.

132.    Defendants deny the allegations in paragraph 132.

133.    With respect to the allegations in paragraph 133, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claims, and same are therefore denied.

134.    With respect to the allegations in paragraph 134, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claims, and same are therefore denied.

135.    The allegations in paragraph 135 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claims, and same are therefore denied.

136.    The allegations in paragraph in paragraph 136 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

137.    The allegations in paragraph 137 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claims, and same are therefore denied.

138.    With respect to the allegations in paragraph 138, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claims, and same are therefore denied.

139.    The allegations in paragraph 139 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claims, and same are therefore denied.

140.    The allegations in paragraph 140 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants deny the allegations.

141.    Defendants deny the allegations in paragraph 141.

142.    With respect to the allegations in paragraph 142, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

143. The allegations in paragraph 143 are legal conclusions for which no answer is required; Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

144. With respect to the allegations in paragraph 144, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied; and United specifically denies that Plaintiff's appeals were ignored.

145. With respect to the allegations in paragraph 145, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

146. With respect to the allegations in paragraph 146. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claims, and same are therefore denied; and United specifically denies its appeal process has no merit.

147. The allegations in paragraph 147 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

148. The allegations in paragraph 148 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied; and Plaintiff has no standing and/or lacks sufficient assignment of benefits to make such demands.

149. Defendants deny the allegations in paragraph 149.

150. The allegations in paragraph 150 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

151.    With respect to the allegations in paragraph 151, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

152.    The allegations in paragraph 152 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

153.    With respect to the allegations in paragraph 153, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

154.    With respect to the allegations in paragraph 154, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied; and United specifically denies such member was prejudiced or that Plaintiff has standing to assert same.

155.    Defendants deny the allegations in paragraph 155.

156.    Defendants deny the allegations in paragraph 156.

157.    Defendants deny the allegations in paragraph 157.

158.    The allegations in paragraph 158 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

159.    The allegations in paragraph 159 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

160.    With respect to the allegations in paragraph 160, United admits that, with respect to fully insured health plans, employers or individuals typically pay insurance premiums and medical costs are paid or reimbursed by the insurer in accordance with the terms and conditions of the underlying policy, and denies the remaining allegations; and the Employer Plans are self-funded, not fully insured, and lack knowledge or information sufficient to form a belief as to the truth of the allegations, and same are therefore denied.

161.    The allegations in paragraph 161 are legal conclusions for which no answer is required; to the extent an answer is required, United denies the allegations; and the Employer Plans lack knowledge or information sufficient to form a belief as to the truth of the allegations and same are therefore denied.

162.    With respect to the allegations in paragraph 162, Defendants admit that employers may choose to establish self-funded health plans that are funded by employers and/or employee contributions and are responsible to pay or reimburse medical costs incurred by health plan members in accordance with the terms and conditions of the plan, and that such plans may contract with an insurer or other party to administer claims for the plan; and deny the remaining allegations.

163.    With respect to the allegations in paragraph 163, Defendants admit that certain United entities serve as third-party claims administrator for the Employer Plans and the terms and conditions of such arrangements are established by contract; and deny the remaining allegations.

164.    With respect to the allegations in paragraph 164, Defendants admit that certain United entities serve as third-party claims administrator for the Employer Plans and the terms and conditions of such arrangements are established by contract; and deny the remaining allegations.

165.     With respect to the allegations in paragraph 165, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

166.     With respect to the allegations in paragraph 166, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

167.     Defendants deny the allegations in paragraph 167.

168.     Defendants deny the allegations in paragraph 168.

169.     Defendants deny the allegations in paragraph 169 or that Plaintiff engaged in any good faith effort to negotiate its exorbitant prices.

170.     The allegations in paragraph 170 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

171.     The allegations in paragraph 171 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

172.     Defendants deny the allegations in paragraph 172.

173.     Defendants deny the allegations in paragraph 173.

174.     With respect to the allegations in paragraph 174, Defendants admit the quoted language appears in an email that is included in attachment 1-19 to the Complaint; and lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

175.    With respect to the allegations in paragraph 175, Defendants admit the quoted language appears in an email that is included in attachment 1-19 to the Complaint; and lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

176.    Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177.

178.    The allegations in paragraph 178 are legal conclusions for which no answer is required; and state explanations of benefits set forth industry standard remark codes regarding benefit determinations.

179.    Defendants deny the allegations in paragraph 179.

180.    With respect to the allegations in paragraph 180, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

181.    The allegations in paragraph 181 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied.

182.    The allegations in paragraph 182 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as Plaintiff has failed to provide sufficient information in order for United to identify the referenced claim, and same are therefore denied;

United specifically denies it misled a member or that Plaintiff has standing to assert same, and states any recorded calls speak for themselves.

183.    The allegations in paragraph 183 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

184.    Defendants deny the allegations in paragraph 184.

185.    Defendants deny the allegations in paragraph 185.

186.    Defendants deny the allegations in paragraph 186.

187.    Defendants deny the allegations in paragraph 187.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FFCRA AND THE CARES ACT
*(Against All Defendants)*

188.    With respect to the allegations in paragraph 188, Defendants adopt and incorporate by reference paragraphs 1-187 above.

189.    The allegations in paragraph 189 are legal conclusions for which no answer is required; to the extent an answer is required, the Employer Plans admit they offer group health plans, and United admits it offers group or individual insurance plans; and deny the remining allegations.

190.    The allegations in paragraph 190 are legal conclusions for which no answer is required; to the extent an answer is required, the un-identified claims submitted by Plaintiff speak for themselves.

191.    Defendants admit the allegations in paragraph 191.

192.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 192, and same are therefore denied.

193.    The allegations in paragraph 193 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants deny the CARES Act was enacted for providers, like Plaintiff, to charge exorbitant and egregious prices for COVID-19 testing.

194.    With respect to the allegations in paragraph 194, Defendants state a $900-$1,200 cash price for COVID-19 testing is exorbitant and unreasonable; and deny any attempts were made to seek resolve of the Validation Requests or such exorbitant pricing.

195.    Defendants deny the allegations in paragraph 195.

196.    Defendants deny the allegations in paragraph 196.

### COUNT II – VIOLATION OF SECTION 502(a)(1)(B) OF ERISA
### *(Against All Defendants)*

197.    With respect to the allegations in paragraph 197, Defendants adopt and incorporate by reference paragraphs 1-196 above.

198.    The allegations in paragraph 198 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants deny the correct statute was cited.

199.    The allegations in paragraph 199 are legal conclusions for which no answer is required; to the extent an answer is required, Defendants deny Plaintiff can ignore Validation Requests and/or charge exorbitant prices for COVID-19 testing.

200.    Defendants deny the allegations in paragraph 200.

201.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 201, and same are therefore denied.

202.    Defendants deny the allegations in paragraph 202.

203.    The allegations in paragraph 203 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

204.    The allegations in paragraph 204 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

205.     The Complaint does not contain a paragraph 205, therefore no answer is required.

206.     The allegations in paragraph 206 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

207.     Defendants deny the allegations in paragraph 207.

208.     The allegations in paragraph 208 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

209.     Defendants deny the allegations in paragraph 209.

210.     Defendants deny the allegations in paragraph 210.

211.     Defendants deny the allegations in paragraph 211.

212.     Defendants deny the allegations in paragraph 212.

### COUNT III – DENIAL OF FULL AND FAIR REVIEW
### (Against All Defendants)

213.     With respect to the allegations in paragraph 213, Defendants adopt and incorporate by reference paragraphs 1-212 above.

214.     With respect to the allegations in paragraph 214, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

215.     With respect to the allegations in paragraph 215, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

216.     With respect to the allegations in paragraph 216, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

217.     With respect to the allegations in paragraph 217, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

218.     With respect to the allegations in paragraph 218, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

219.    With respect to the allegations in paragraph 219, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

220.    With respect to the allegations in paragraph 220, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

221.    With respect to the allegations in paragraph 221, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

222.    With respect to the allegations in paragraph 222, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

223.    With respect to the allegations in paragraph 223, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

224.    With respect to the allegations in paragraph 224, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

## COUNT IV – VIOLATION OF 18 U.S.C. § 1962(C) (NON-ERISA)
### *(Against United)*

225.    With respect to the allegations in paragraph 225, Defendants adopt and incorporate by reference paragraphs 1-224 above.

226.    Defendants admit the allegations in paragraph 226.

227.    The allegations in paragraph 227 are legal conclusions for which no answer is required; to the extent an answer is required, such allegations are denied.

228.    Defendants deny the allegations in paragraph 228.

229.    Defendants deny the allegations in paragraph 229.

230.    Defendants deny the allegations in paragraph 230.

231.    Defendants deny the allegations in paragraph 231.

## COUNT V – DECLARATORY JUDGMENT PURSUANT TO
## 28 U.S.C. § 2201 (NON-ERISA)
### *(Against United)*

232.    With respect to the allegations in paragraph 232, Defendants adopt and incorporate by reference paragraphs 1-231 above.

233.    With respect to the allegations in paragraph 233, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

234.    With respect to the allegations in paragraph 234, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

235.    With respect to the allegations in paragraph 235, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

236.    With respect to the allegations in paragraph 236, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

237.    With respect to the allegations in paragraph 237, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

238.    With respect to the allegations in paragraph 238, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

## COUNT VI – UNJUST ENRICHMENT & QUANTUM MERUIT (NON-ERISA)
### *(Against United)*

239.    With respect to the allegations in paragraph 239, Defendants adopt and incorporate by reference paragraphs 1-238 above.

240.    With respect to the allegations in paragraph 240, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

241.    With respect to the allegations in paragraph 241, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

242.     With respect to the allegations in paragraph 242, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

243.     With respect to the allegations in paragraph 243, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

244.     With respect to the allegations in paragraph 244, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

245.     With respect to the allegations in paragraph 245, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

### COUNT VII – PROMISSORY ESTOPPEL (NON-ERISA)
### *(Against United)*

246.     With respect to the allegations in paragraph 246, Defendants adopt and incorporate by reference paragraphs 1-245 above.

247.     Defendants deny the allegations in paragraph 247.

248.     Defendants deny the allegations in paragraph 248.

249.     Defendants deny the allegations in paragraph 249.

250.     Defendants deny the allegations in paragraph 250.

251.     Defendants deny the allegations in paragraph 251.

### COUNT IX – VIOLATION OF THE
### TEXAS PROMPT PAY ACT ("TPPA") (NON-ERISA)
### *(Against United)*

252.     With respect to the allegations in paragraph 252, Defendants adopt and incorporate by reference paragraphs 1-251 above.

253.     With respect to the allegations in paragraph 253, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

254.     With respect to the allegations in paragraph 254, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

255.    With respect to the allegations in paragraph 255, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

256.    With respect to the allegations in paragraph 256, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

257.    With respect to the allegations in paragraph 257, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

258.    With respect to the allegations in paragraph 258, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

259.    With respect to the allegations in paragraph 259, Defendants state that the Court has previously dismissed this Count, and no further answer is required.

### COUNT X – INJUNCTIVE RELIEF (NON-ERISA)
#### *(Against United)*

260.    With respect to the allegations in paragraph 260, Defendants adopt and incorporate by reference paragraphs 1-259 above.

261.    Defendants deny the allegations in paragraph 261.

262.    Defendants deny the allegations in paragraph 262.

263.    Defendants deny the allegations in paragraph 263.

264.    Defendants deny the allegations in paragraph 264.

265.    Any allegation of the Complaint that is not expressly admitted herein is denied.

266.    Defendants deny that Plaintiff is entitled to a jury trial on some or all of its claims.

267.    Defendants deny Plaintiff is entitled to any of the relief requested in the Prayer for Relief or otherwise in the Complaint.

### **AFFIRMATIVE DEFENSES**

268.    The Complaint fails to state a claim upon which relief can be granted.

269.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

270.    Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies and/or failure to timely do so.

271.    Plaintiff's claims are barred, in whole or in part, because it lacks standing.

272.    Plaintiff's claims are barred, in whole or in part, by failure to mitigate.

273.    Plaintiff's claims are barred, in whole or in part, for failing to demonstrate that it was a licensed or authorized health care provider and/or acting within the scope of its license or authorization.

274.    Plaintiff's claims are barred, in whole or in part, for failing to demonstrate such testing was medically appropriate and/or ordered or reviewed by a physician or appropriately licensed health care professional.

275.    Plaintiff's claims are barred, in whole or in part, by illegality, unclean hands and/or fraud.

276.     Plaintiff's claims are barred, in whole or in part, because United's conduct was reasonable, justified and/or excused.

277.    Plaintiff's claims are barred, in whole or in part, because it seeks to recover reimbursement based on COVID-19 testing prices that would produce an unconscionable result.

278.    Plaintiff's claims are subject to set-off and/or recoupment to the extent payments were made based on Plaintiff's exorbitant COVID-19 testing prices.

279.    Plaintiff's claims are barred, in whole or in part, because it acted in bad faith for improper purpose regarding its refusal to comply with Validation Requests and/or charging and demanding exorbitant prices for COVID-19 testing.

280.    Plaintiff's claims are barred, in whole or in part, because excessive pricing for COVID-19 testing violates Texas law.

281.    Plaintiff's claims are barred, in whole or in part, for the reasons set forth on the Remittance Advices and Provider Explanations of Benefits, appeals, and/or in correspondence from United to Plaintiff.

282.    Plaintiff's claims are barred, in whole or in part, by ERISA and/or Medicare preemption.

283.    Plaintiff's claims are barred, in whole or in part, by any anti-assignment provisions in the Employer Plans.

284.    Plaintiff's claims are barred, in whole or in part, because the claim determinations were not arbitrary and capricious and/or United did not abuse its discretion in reaching such claim determinations; and to the extent the Court conducts a judicial review of Plaintiff's ERISA claims, the claim determinations should be affirmed because they were reasonable.

285.    Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to do so.

## DEFENDANTS' FIRST COUNTERCLAIM

286.    Plaintiff is before the Court for all purposes; therefore, service of citation is not necessary at this time.

287.    Plaintiff is an out-of-network laboratory with respect to the health plans involved in this case, which are insured or administered by certain United entities. The Employer Plans at issue are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1101, *et seq.* ("ERISA").

288.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over this counterclaim under 28 U.S.C. § 1367.

289.     Congress passed the FFCRA[5] and the CARES Act[6] in response to the COVID-19 pandemic. The FFCRA includes, among other things, expansions of the protections for workers affected by COVID-19, and the CARES Act focuses on providing economic support to businesses affected by COVID-19.

290.     Section 6001(a) of the FFCRA "generally requires group health plans and health insurance issuers offering group or individual health insurance coverage . . . to provide benefits for certain items and services related to testing for the detection of SARS-CoV-2. . . without imposing any cost-sharing requirements (including deductibles, copayments, and coinsurance), prior authorization, or other medical management requirements."[7]

291.     Section 3201 of the CARES Act amends Section 6001(a) of the FFCRA, expanding the coverage requirement to include a broader range of diagnostic services. Section 3202(a) of the CARES Act then requires group health plans and health insurance issuers to reimburse providers of diagnostic testing services either: (1) at any rate negotiated with the provider "before the public health emergency" (if one exists); (2) in an amount that equals the cash price for such service as listed by the provider on a public internet website; or (3) at a rate negotiated with the provider that is less than the provider's posted cash price.[8]

---

[5] Pub. L. No. 116-127, 134 Stat. 178.

[6] Pub. L. No. 116-136, 134 Stat. 281.

[7] U.S. DEP'T OF LABOR, DEP'T OF HEALTH AND HUMAN SERVICES, AND DEP'T OF TREASURY, FAQs About Families First Coronavirus Response Act and Coronavirus Aid, Relief, and Economic Security Act Implementation Part 44, Feb. 26, 2021, *available at* https://www.cms.gov/files/document/faqs-part-44.pdf.

[8] Pub. L. No. 116-136, 134 Stat. 281.

292.    The Departments of Labor, Health and Human Services, and Treasury (together, the "Departments"), which were jointly tasked with implementing the FFCRA and the CARES Act, issued regulations that require providers to post their cash price for COVID-19 testing "in an easily accessible manner" and "include certain standardized information so that the public can understand the relationship between the posted cash price and the COVID-19 diagnostic test(s) offered by the provider."[9]

293.    Those regulations explain that a COVID-19 testing provider's "'cash price' is generally analogous to the 'discounted cash price'" that providers offer to "individuals who pay for their own care."[10]

294.    These discounted rates "are often lower than the rate the [provider] negotiates with third party payers because billing self-pay individuals would not require many of the administrative functions that exist for hospitals to seek payment from third party payers (for example, prior authorization and billing functions)."[11]

295.    The expectation, therefore, was that a provider's posted "cash price" for COVID-19 diagnostic testing under the FFCRA and CARES Act, would "be generally similar to, or lower than, rates negotiated with in-network plans and insurers."[12]

296.    Later, in jointly issued FAQs, the Departments acknowledged that while "most providers have been pricing COVID-19 tests at reasonable levels, generally consistent with reimbursement rates set by the Medicare program, the Departments are aware that some providers have not done so and are using the public health emergency as an opportunity to impose

---

[9] Additional Policy and Regulatory Revisions in Response to the COVID-19 Public Health Emergency, 85 FR 71142-01.

[10] *Id.*

[11] *Id.*

[12] *Id.*

extraordinarily high charges."[13] That is precisely what Plaintiff is doing and asking the Court to approve.

297.   Plaintiff's posted "cash price" for COVID-19 diagnostic testing is $900.[14] Plaintiff's website, in a brazen attempt to attract *insured* patients and not self-pay patients, goes so far as to point out that "insurance companies and self-funded employers must cover 100% of the cost at no out of pocket expense for anyone who has a valid order from a licenses [sic] physician or healthcare professional qualified to order the test," which Plaintiff is happy to provide through its affiliate, Rapid Response Physicians, "at each driver [sic] through location at no out of pocket cost."

> We have quadrupled the staff's at our remote testing facilities to insure our clients do not spend hours in line waiting to be tested.  24 Hour Covid understands that time is precious and critical in a pandemic. Our cash price for all laboratory services may be found on the services tab.  The cash price for the coronavirus test for Covid-19 is $900. This cost represents a Covid-19 test with CPT code U0004 – 2019-nCoV Coronavirus, SARS-CoV-2/2019-nCoV (COVID-19), any technique, multiple types or subtypes (includes all targets), non-CDC, making use of high throughput technologies as described by CMS-2020-01-R.  In accordance with the Cares Act, insurance companies and self funded employers must cover 100% of the cost at no out of pocket expense for anyone who has a valid order from a licenses physician or healthcare professional qualified to order the test.  Rapid Response Physicians provides telemedicine visits at each driver through location at no out of pocket cost for anyone who has qualifying symptoms or has been exposed to someone with a confirmed diagnosis of Covid 19.

298.   Plaintiff's "cash price," however, is *9 times higher* the Medicare reimbursement rate, which as of January 1, 2021, was $100. Indeed, it is *more than 5 times higher* than the national average reimbursement rate for both network and non-network providers[15]. Plaintiff's "cash price" is nothing short of extortionate and is clear evidence—standing alone—that Plaintiff is exploiting the pandemic for profit.

---

[13] U.S. Dep't of Labor, Dep't of Health and Human Services, and Dep't of Treasury, FAQs About Families First Coronavirus Response Act and Coronavirus Aid, Relief, and Economic Security Act Implementation Part 44, Feb. 26, 2021, *available at* https://www.cms.gov/files/document/faqs-part-44.pdf

[14] https://www.24hourcovid.com/, last visited Feb. 17, 2022.

[15] *See supra* note 3.

299.    Plaintiff's posted cash price serves as a deterrent to any self-pay patient.

300.    In addition, Plaintiff has apparently been charging patients an extra $100-$200 to "rush" their results, which several patients have attempted to warn others is a sham through online reviews:





301.    On information and belief, however, Plaintiff's Chief Operating Officer, posing as a patient, posted a review praising the "expedited service:"



302.   The Texas legislature has banned businesses and free-standing emergency facilities from price gouging during disasters, such as the COVID-19 pandemic. TEX. HEALTH & SAFETY CODE § 241.224(b) ("During a state of disaster declared by the governor. . . a facility . . . may not: (1) charge an individual an unconscionable price for a product or service provided at the facility; or (2) **knowingly or intentionally charge a third-party payor, including a health benefit plan insurer**, a price higher than the price charged to an individual for the same product or service based on the payor's liability for payment or partial payment of the product or service."); TEX. HEALTH & SAFETY CODE § 254.160 (same); *see also* TEX. BUS. & COM. CODE §§ 17.46(b)(26), 17.4625 (prohibiting price gouging during a disaster); § 17.464 (prohibiting unconscionable pricing for emergency care). Plaintiff should not be allowed to flout these standards by exploiting a loophole in the applicable statutes and regulations.

303.   Moreover, "CMS regulates all laboratory testing performed on humans for the purposes of diagnosis, prevention, or treatment in the U.S. through the Clinical Laboratory Improvement Amendments CLIA program."[16] "In order to perform COVID-19 testing, a facility (whether that be a primary care provider's office, urgent care center, outpatient hospital site or stand-alone laboratory) is required to hold a CLIA certificate based on the complexity of testing

---

[16] Additional Policy and Regulatory Revisions in Response to the COVID-19 Public Health Emergency, 85 FR 71152.

performed by the facility."[17] It is expected that "any 'provider of a diagnostic test for COVID-19' would either hold or have submitted a CLIA application necessary to obtain a CLIA certificate (including a certificate of waiver, as applicable)[.]"[18]

304.    Beginning in August 2020, United sought to confirm that Plaintiff held a current and appropriate CLIA certification and was capable of performing tests according to the required standards and pursued the Validation Requests. *See* 42 U.S.C. § 263a.

305.    After multiple attempts over several months, because Plaintiff refused to produce all of the requested information, United concluded that there was insufficient documentation to support Plaintiff's ability to properly render COVID-19 testing.

306.    Defendants do not dispute that the FFCRA and the CARES Act require payment for COVID-19 testing services. But nothing in the FFCRA or the CARES Act requires United to blindly pay absurdly overpriced claims for COVID-19 testing that Plaintiff has not shown it was capable of performing or qualified to perform.

307.    Indeed, regulatory guidance from the Departments confirms that neither the FFCRA nor the CARES Act restricts a payor's ability to ensure COVID-19 testing claims are proper.[19]

308.    Plaintiff is nothing but a wolf in sheep's clothing—it targets insured patients so that it can overcharge their insurers and employers for a crucial service during the pandemic; posts its

---

[17] *Id.*

[18] *Id.*

[19] *See, e.g.*, U.S. DEP'T OF LABOR, DEP'T OF HEALTH AND HUMAN SERVICES, AND DEP'T OF TREASURY, FAQs About Families First Coronavirus Response Act and Coronavirus Aid, Relief, and Economic Security Act Implementation Part 44, Feb. 26, 2021, *available at* https://www.cms.gov/files/document/faqs-part-44.pdf ("To the extent not inconsistent with the FFCRA's prohibition on medical management, plans and issuers may continue to employ programs designed to detect and address fraud and abuse.").

own bogus reviews praising its expedited services for which patients can pay an additional fee; and has yet to produce documentation sufficient to show that it is even qualified to perform COVID-19 testing. In fact, even when United attempted to negotiate in good faith with Plaintiff to resolve this dispute despite all of these issues, Plaintiff refused. Plaintiff must be stopped.

## COUNT I – DECLARATORY & INJUNCTIVE RELIEF

309.    Defendants bring suit for declaratory judgment both under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-02.

310.    Plaintiff has submitted claims to United for COVID-19 testing services at prices that are nothing short of extortionate that it may not be qualified to perform, causing an actual and substantial controversy between the parties, which have adverse legal interests, of sufficient immediacy and reality that entitles Defendants to declaratory relief.

311.    Plaintiff's predatory practices have caused Defendants either fund its scheme by paying Plaintiff's COVID-19 testing claims without question or foregoing their rights to safeguard funds set aside to provide healthcare services for their insureds and members from fraud and abuse.

312.    Defendants ask the Court to enter judgment (1) requiring Plaintiff to submit all documentation in response to the Validation Requests to demonstrate it is qualified and capable to perform COVID-19 testing; (2) permitting United to deny any COVID-19 testing claims submitted by Plaintiff unless and until Plaintiff provides such documentation requested by United, including an on-site inspection, and United is able to determine that Plaintiff demonstrate it is qualified and capable of performing the tests for which Plaintiff seeks payment; and (3) assuming Plaintiff so demonstrates, permitting United to deny payment for claims submitted by Plaintiff seeking more than the usual and customary rates for COVID-19 testing claims.

## COUNT II – ERISA & 28 U.S.C. §§ 2201-02

313.    Defendants incorporate by reference the foregoing paragraphs of the Counterclaim.

314.    United acts as a claims administrator and has been delegated authority to pursue recovery of payments made by United on behalf of Employer Plans, which are self-funded and governed by ERISA.

315.    United has standing to sue under Section 502(a)(3) of ERISA for declaratory and injunctive relief to enjoin any acts or practice that violate the plans' terms and to obtain other appropriate relief to redress violations of plan terms.

316.    Plaintiff has submitted claims for payment of benefits under certain Employer Plans for COVID-19 testing at unreasonable and egregious rates.

317.    United made benefit payments to Plaintiff without Plaintiff's compliance with the Validation Requests and in excess of the reasonable amounts payable under certain Employer Plans. These benefit payments were made in error.

318.    Plaintiff has been paid between $300-$1,028 per claim for hundreds of COVID-19 testing claims. These unreasonable rates are 3-10 times the Medicare rate and 5-8 times the national average for network and non-network providers. United seeks repayment of the unreasonable, excess amounts paid by or on behalf of Employer Plans, and for all payments made to Plaintiff for COVID-19 claims for dates of service prior to Plaintiff satisfying the declaratory relief requested in paragraph 312.

319.    United, on behalf of the Employer Plans, seeks recovery of its reasonable attorneys' fees and costs, under ERISA § 502(g)(1).

### COUNT III – MONEY HAD AND RECEIVED/UNJUST ENRICHMENT

320.    Defendants incorporate by reference the foregoing paragraphs of the Counterclaim.

321.    United made payments to Plaintiff to which it was not entitled because the rates charged are unreasonable and not payable under any of the fully insured policies or plans at issue.

322.    The excessive amounts paid should be returned to United in equity and good conscience, for which United now sues.

**REQUEST FOR RELIEF**

323.    Defendants respectfully request the following relief:

a.    that Plaintiff take nothing by reason of its claims;

b.    that Plaintiff's claims be dismissed with prejudice;

c.    that the Court enter judgment for the declaratory relief requested in paragraph 312;

d.    that Defendants be awarded damages and/or recoupment of overpayments made the subject of its counterclaims, pre- and post-judgment interest to the extent permitted by applicable law, and attorney's fees; and

e.    that Defendants have such other and further relief, both general and special, at law and in equity, to which it may show themselves justly entitled.

Dated: February 23, 2022                     Respectfully submitted,

By: */s/ Amber D. Reece w/ permission*

**Andrew G. Jubinsky**
*Attorney-in-Charge*
Texas Bar No. 11043000
S.D. Tex. No. 8603
andy.jubinsky@figdav.com
**Don Colleluori**
Texas Bar No. 04581950
S.D. Tex. No. 8598
don.colleluori@figdav.com
**Amber D. Reece**
Texas Bar No. 24079892
S.D. Tex. No. 2695252
amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
T: (214) 939-2000
F: (214) 939-2090

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 23, 2022, a true and correct copy of the above and foregoing document was served on all counsel of record, via email, through the Court's CM/ECF system.

/s/ Amber D. Reece
Amber D. Reece